**CONTINENTAL CASUALTY CO. v. JOHNSON.**

**No. 7798.**

Circuit Court of Appeals, Sixth Circuit.

April 7, 1939.

Frank X. Cull, of Cleveland, Ohio (Bulkley, Hauxhurst, Inglis & Sharp and Frank X. Cull, all of Cleveland, Ohio, on the brief), for appellant.

George E. Beach, of Cleveland, Ohio (George E. Beach, of Cleveland, Ohio, on the brief), for appellee.

Before HICKS, ALLEN, and HAMILTON, Circuit Judges.

HICKS, Circuit Judge.

On October 4, 1921, appellant issued to John A. W. Prout its noncancelable income policy in consideration of an annual premium of $110 wherein appellant agreed to pay the insured a monthly indemnity of $500 (later reduced to $400). The undertaking read: "If the Insured, by reason of accidental injury or sickness, shall be unable to perform all the duties pertaining to his occupation, the Company will pay said monthly indemnity so long as he lives and is physically unable to engage in a gainful occupation."

Beginning April 14, 1933, and continuing until February, 1935, appellant paid the indemnity at the rate of $400 per month. It refused to make further payments. Prout died March 7, 1936, of "chronic al-

coholism." Appellee as executrix brought suit to recover the unpaid indemnity installments. A motion for a directed verdict was made by each party. The court sustained the motion of appellee and entered judgment accordingly. Aside from certain matters presently to be considered, there was substantial evidence to sustain the judgment except in the amount thereof, as hereafter indicated.

In its answer and before the court, appellant relied upon the defense of accord and satisfaction and in support thereof presented a purported release. [1] The court sustained an objection to the introduction of this instrument upon the ground that it was void for lack of mutuality and consideration.

Appellant discontinued the payments in February, 1935, because a dispute had arisen as to whether Prout was entitled to $400 per month or whether the payments should be reduced to $200 per month in accordance with Part II-B of the policy.

At that time Prout was under a guardianship which terminated, however, on July 11, 1935, and the asserted release grew out of negotiations for settlement. The second "Whereas" clause of this instrument sets forth the situation as it existed on July 16, 1935, the date thereof. Prout was still disabled and desired that appellant should make a lump sum payment in consideration of a release by him of all claim for indemnity then accrued and which might accrue to November 1, 1935, and requested it to make such a settlement. It was anticipated that Prout would be fully recovered by November 1. The "Now, therefore" clause indicates that appellant in consideration of the "premises," i. e., Prout's desire and request as set forth in the second "Whereas" clause made "said lump sum settlement * * * in lieu of regular indemnity installments provided by said policy * * *" and paid Prout $1,500 in full settlement and that Prout then released and discharged appellant from "any and all claims * * * and demands whatsoever * * * which I now have. * * *"

It is manifest that if the instrument had stopped at this point it was a proper release and discharge of appellant of all indemnity to November 1, since it was a compromise in good faith of a disputed claim. But the instrument went further and discharged appellant from the payment of all claims which Prout or his representative might have thereafter on account of his disability, even though it continued longer than anticipated, i. e., after November 1, even though it does not appear from the instrument that there was any other matter in dispute between the parties as to any claim or demand for any indemnity subse-

---

[1] "Whereas, I, John A. W. Prout, of Cleveland, Ohio, the assured named in policy No. C-5961 issued to me by the Continental Casualty Company, have presented claim against said Company under said policy by reason of accident occurring or sickness commencing on or about the 14th day of April 1933; and,

"Whereas, I am still disabled but at this time desire that the Company shall make a lump sum payment to me in consideration of a full release from me of all my rights under said policy for accrued indemnity and all indemnity which may accrue to me prior to November 1, 1935, and after full consideration and consultation with my medical advisers, I have requested the Company to make such a settlement;

"Now, therefore, in consideration of the premises and in further consideration of the Company making said lump sum settlement at this time in lieu of regular indemnity installments provided by said policy, and in consideration of $1500. to me paid, receipt of which is hereby acknowledged, I do hereby release and discharge the said Company from any and all claims, actions, causes of action, suits and demands whatsoever, in law or in equity, which I now have or which I, my heirs, executors, administrators, assigns or beneficiary may hereafter have against said Continental Casualty Company under said policy on account of said injury or sickness. I definitely understand that I am hereby releasing all claims for future indemnity under said policy irrespective of the time when my present disability ceases and irrespective of whether it shall continue longer than now anticipated, except that if I become disabled from the present illness or any new illness or accident, I shall be entitled to file claim for any disability subsequent to November 1, 1935, in accordance with policy provisions including elimination of indemnity for the first three months of disability.

"In witness whereof, I have hereunto set my hand and seal at Cleveland, Ohio, this 16th day of July 1935.

"Jno. A. W. Prout (Seal)
"Witness: F. J. Stich.
"Witness: Dolph M. Carver."

quent to that date. There was a reservation, however, that if he should suffer a second disability after November 1, he would be entitled to claim therefor under the policy provisions which eliminated indemnity for the first three months of disability.

Our conclusion is that there was no "accord" over the amount of indemnity due after November 1. There was no dispute over this amount. No consideration passed to Prout for its release, and its voluntary discharge by Prout was of no effect. It was a mere gratuity on his part. See Union Indemnity Co. v. United States, 6 Cir., 74 F.2d 645. The correct judgment should have been for the indemnity installments due from November 1 to the date of death, or $1,670 with interest. If appellee shall within twenty (20) days file a remittitur in the amount of her judgment in excess thereof, the judgment so corrected will stand affirmed; otherwise the case will be remanded for further proceedings consistent herewith.